UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-CV-326

| | |
|---|---|
| JAMES L. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 15). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, VACATES the Commissioner's decision and REMANDS this matter pursuant to Sentence Four of 42 U.S.C. § 405(g)[1] for proceedings consistent with this Order.

## I. BACKGROUND

On August 13, 2013, Plaintiff James Bailey filed applications for a period of disability and disability insurance benefits under Title II of the Act and supplemental security income under title

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.. § 405.

XVI of the Act alleging disability since April 30, 2012. (Tr. 316, 323). These claims were denied initially on February 25, 2014, and upon reconsideration on July 9, 2014. (Tr. 262, 266). Thereafter, the claimant filed a request for hearing on September 11, 2015. (Tr. 254). The hearing commenced on October 20, 2016. Administrative Law Judge Clinton C. Hicks ("ALJ") conducted the hearing in Charlotte, N.C. (Tr. 158). The ALJ denied Bailey's applications in a written decision dated February 22, 2017. (Tr. 118).

The ALJ determined Plaintiff was not disabled. (Tr. 132). The ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he had severe impairments of cervical and lumbar spine degenerative disc disease, facet arthritis, neuropathy, asthma, bipolar disorder with depression and anxiety with panic attacks. (Tr. 123). The ALJ determined that these impairments did not meet or medically equal a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 124). The ALJ then found Plaintiff had the Residual Functional Capacity ("RFC") to perform:

> light work as defined in 20 C.F.R. 404.156(b) and 416.067(b) except he is limited to no climbing of ladders, roofs, or scaffolds; occasional climbing of ramps and stairs; the option to sit/stand with the ability to change positions twice per hour; no concentrated exposure to extreme heat, cold, or humidity and no concentrated exposures to dust, odors, gases, and pulmonary irritants. Additionally, [Plaintiff] is limited to unskilled work in a low stress environment, which is defined as no constant change in routine, no crisis situations, no complex decision-making, and no production rate work; simple routine and repetitive tasks; occasional interaction with the public and the ability to stay on tasks for two hours at a time throughout the workday."

(Tr. 125).

In response to a hypothetical that factored in the above limitations, a vocational expert ("VE") identified various jobs Plaintiff could perform that were available in significant numbers in the economy. (Tr. 187-88). Based on this RFC and the vocational expert's testimony, the ALJ

found Plaintiff could work as electronics worker (DOT 726.687-010), laundry folder (DOT 369.687-018), and inspector/hand packager (DOT 559.687-074). Accordingly, the ALJ concluded Plaintiff was not disabled. (Tr. 132).

Bailey requested a review of this hearing decision and on October 2, 2017, this request was denied by the Appeals Council. (Tr. 118). Therefore, the ALJ's decision dated February 22, 2017, became the final decision of the Acting Commissioner. (Tr. 1). Having exhausted his administrative remedies, Plaintiff commenced this action under 42 U.S.C. §§405(g) and 1383(c)(3), seeking judicial review of that decision.

## II. STANDARD OF REVIEW

### A. Review of a Social Security Appeal

When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). In reviewing the record for substantial evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (brackets, citation, and internal quotation marks omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four." Lewis, 858 F.3d at 861. Here, the ALJ considers the claimant's residual functional capacity ("RFC") to determine what is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. Id. § 416.945(a)(1); § 404.1520(a)(4)(iv).

> In making this assessment, the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work.

Monroe, 826 F.3d at 179 (citations and quotations omitted). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1.

4

See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).
>
> After assessing the claimant's RFC, the ALJ continues with the fourth step, where the claimant must establish she is unable to perform past work. Mascio, 780 F.3d at 635.

Lewis, 858 F.3d at 862. If the claimant meets her burden as to past work at step four, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862 (citations and quotations omitted). If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

On appeal to this Court, Plaintiff makes the following assignments of error: (1) the ALJ failed to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"); and (2) the ALJ failed to provide a sufficient basis for the RFC finding. For the

5

reasons stated below, the Court finds the ALJ erred in relying on the vocational expert's testimony in denying Plaintiff's claim. As this error is sufficient to warrant remand, Plaintiff's second assignment of error will not be addressed.

### A. Apparent Conflict

Plaintiff argues the ALJ erred when he failed to identify or resolve the apparent conflicts between the vocational expert's testimony and the DOT. This requires this Court to determine whether there is an apparent conflict between a limitation to "simple, routine, repetitive tasks" and General Educational Development ("GED") Reasoning Level 2 of "detailed but uninvolved written or oral instructions." Based on the recent case of Thomas v. Berryhill, No. 17-2215, 2019 WL 193948 (4th Cir. Jan. 15, 2019), as amended (Feb. 22, 2019), this Court concludes an apparent conflict exists. Because the ALJ failed to identify this conflict and failed to obtain a reasonable explanation, this case should be remanded.

Here, at step five, the Commissioner called a VE to testify as to whether a hypothetical person with the same limitations as the Plaintiff would be able to perform any of the jobs listed in the DOT. SSR 00-4P, 2000 WL 1898704 at *2 (Dec. 4, 2000).

The Fourth Circuit recently held that:

> An ALJ cannot rely unquestioningly on a VE's testimony. Rather, an ALJ must ensure that any "apparent" conflicts between the Dictionary and the VE's testimony are reasonably resolved. SSR 00-4P, 2000 WL 1898704 at *2. To that end, the ALJ must ask the VE whether his or her testimony conflicts with the DOT. If the answer is "yes," the ALJ "must elicit a reasonable explanation for the conflict before relying on" the testimony. Id. But even if the VE answers "no," the ALJ has an affirmative "duty to make an independent identification of apparent conflicts." Pearson v. Colvin, 810 F.3d 204, 210 (4th Cir. 2015). This means that the ALJ must recognize and resolve ways in which a VE's testimony "seems to, but does not necessarily," conflict with the "express language" of the DOT—even if the conflict is not "obvious." Id. at 209.

Thomas, 2019 WL 193948 at *4.

In Pearson, the Fourth Circuit held that "an ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the Dictionary. Nor has the ALJ fulfilled this duty if he ignores an apparent conflict because the expert testified that no conflict existed." Pearson, 810 F.3d at 210 (4th Cir. 2015).

Here, at the hearing level, the ALJ asked the VE if there were any jobs in the national economy for a hypothetical person that is "limited to simple, routine, repetitive tasks of unskilled work in a no stress environment, which is more fully described as no constant change in routine, no complex decision-making and no crisis situations. This person would be limited to no production rate work, occasional interaction with the public and can stay on task for two hours at a time." (Tr. 187). The VE responded that there were jobs such as electronics worker, laundry folder, and hand packager. Id. The ALJ then asked the VE, "Have your responses to the questions which I presented to you been consistent with the information provided in the DOT?" Id. The VE responded "Yes, Your Honor. In addition to addressing sit/stand, which is not addressed in the DOT, is based on my education, training and work experience." Id. In his decision, the ALJ stated that other than the sit/stand option, "the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." (Tr. 132).

The ALJ, in formulating Plaintiff's RFC, gave substantial weight to State agency psychological consultants findings by Dr. Noles and Dr. Lloyd that Plaintiff has "moderate limitations in specific functional abilities such as the ability to understand, remember and carry out detailed instructions . . . ." (Tr. 130). Further, the ALJ stated that "due to the claimant's mental impairments and associated moderate limitation in understanding, remembering or applying

7

information, the claimant cannot engage in complex decision-making or perform production rate work." (Tr. 130). Dr. Noles' and Dr. Lloyd's assessment of Plaintiff stated that he was moderately limited in the ability to understand and remember detailed instructions as well as the ability to carry out those detailed instructions. (Tr. 200, 230). In posing hypotheticals to the VE, the ALJ's stated limitation relevant to Plaintiff's mental abilities did not include any mention of limitation in regard to understanding and remembering detailed instruction. (Tr. 187-190).

Here, all of the jobs identified by the VE involve a GED Reasoning Level 2. This reasoning level requires employees to "carry out detailed but uninvolved written or oral instructions. . . ." (DOT 559.687-074, DOT 726.687-010, DOT 369.687-018). In contrast, GED Reasoning Level 3 requires employees to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." Dictionary of Occupational Titles, App. C, Components of the Definition Trailer. GED Reasoning Level 1 requires employees to "apply commonsense understanding to carry out simple one- or two-step instructions." Id.

The Fourth Circuit defined an apparent conflict to be a conflict that "may only appear to conflict with the Dictionary, and the vocational expert may be able to explain that, in fact, no conflict exists." Pearson, 810 F.3d at 209. Pearson explained the affirmative duty of an ALJ to "independently identify conflicts by comparing the express language of the DOT to the VE's testimony, and if there seems to be a conflict, the ALJ must obtain a reasonable explanation for the conflict before he can rely on the VE's testimony to support his decision." Id.

The Fourth Circuit was recently called upon to decide "whether there is an 'apparent conflict' between a limitation to 'short, simple instructions' and a need to carry out 'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." Thomas v. Berryhill,

8

No. 17-2215, 2019 WL 193948, at *4 (4th Cir. Jan. 15, 2019), as amended (Feb. 22, 2019). In Thomas, the Fourth Circuit held that there was an apparent conflict. Id. An ALJ, finding an apparent conflict between the VE's testimony and the language of the DOT, should seek an explanation from the VE so that he may be able to explain that no conflict actually exists. Id. at *5.

In the instant case, given the ALJ's findings of Plaintiff's inability to understand and remember detailed instruction, and the Fourth Circuit's recent holding in Thomas, this Court finds that an apparent conflict exists. Because the occupations identified by the VE have an apparent conflict with Plaintiff's RFC that was not identified or explained by the ALJ, the ALJ improperly relied on the VE's testimony in finding that Plaintiff could perform these jobs. See Henderson v. Colvin, 643 Fed.Appx. 273, 277 (4th Cir. 2016) (explaining that Pearson held substantial evidence only exists "if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and that it provided a basis for relying on the VE's testimony rather than the DOT").

As the Fourth Circuit explained in Pearson, the existence of a conflict here does not mean that on remand the ALJ must find Plaintiff unable to perform these jobs. Pearson, 810 F.3d at 211. Rather, the ALJ and expert need to address the conflict and explain why Plaintiff can perform those occupations. Accordingly, this matter is remanded[2].

---

[2] In reversing the Commissioner's decision, as noted above, the Court expresses no opinion on the merits of Plaintiff's claim for disability, and the Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. "'The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]'" Raney v. Berryhill, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Dong Sik Kwon v. Immigration & Naturalization Serv., 646 F.2d 909, 916 (5th Cir. 1981)); see also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so.").

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is GRANTED; Defendant's Motion for Summary Judgment (Doc. No. 15) is DENIED; the Commisioner's decision is VACATED; and this matter is REVERSED and REMANDED.

IT IS SO ORDERED.

Signed: March 12, 2019

Frank D. Whitney
Chief United States District Judge