UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-00326-FDW

| | |
|---|---|
| JAMES L. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 20). Defendant filed a response in opposition to Plaintiff's Application for Attorney's Fees arguing the Government's position was substantially justified, to which Plaintiff replied. (Doc. No. 21); (Doc. No. 22). Having carefully considered the Petition, the record, and applicable authority, the Court DENIES the Motion.

On March 12, 2019, this Court vacated the Commissioner's decision regarding Plaintiff's application for Supplemental Social Security Income and Disability Insurance Benefits and remanded for a new hearing and further consideration. (Doc. No. 18). This Court concluded an error occurred when the ALJ failed to identify an apparent conflict between the express language of the Dictionary of Occupational Titles ("DOT") and the Vocational Expert's ("VE") testimony. The Court held an apparent conflict existed based on the Fourth Circuit's newly issued holding in Thomas v. Berryhill, 916 F.3d 307, 310 (4th Cir. 2019), a decision published after the initial proceedings and ALJ decision. The Court remanded under Sentence Four of 42 U.S.C. § 405(g). (Doc. No. 18, p. 6). Plaintiff subsequently filed the instant Motion for Attorney's Fees and Costs on June 07, 2019. (Doc. No. 20).

1

Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is undisputed Plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (holding when the court remands under Sentence Four of 42 U.S.C. § 405(g) the plaintiff is the prevailing party).

The Government has the burden of showing its position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 314 (4th Cir. 2013) (citing EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994)). Substantial justification does not require the position to be correct—a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). "The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law." Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (citing Pierce, 487 U.S. at 565).

The legal question of whether attorney's fees should be awarded is not answered in context of "what the law now is, but what the Government was substantially justified in believing it to have been." Pierce, 487 U.S. at 561. If, at the time of the Government's argument, circuit law was less settled than at the time of the Court's order, that may support a finding of substantial justification. See Pierce, 487 U.S. at 561; see also Snuggs v. Colvin, No. 4:11–CV–128–FL, 2013 U.S. Dist. LEXIS 51034, at *5–6, 2013 WL 1455310 (E.D.N.C. April 9, 2013) (finding substantial justification because at the time of the Government's argument, circuit law was less settled regarding the ALJ's consideration of Veteran's Affairs decisions). A string of successes of a position, while not conclusive, can be indicative of a substantially justified position. See Pierce, 487 U.S. at 569.

Prior to the Fourth Circuit's decision in Thomas v. Berryhill, "this Court has consistently held there is no apparent conflict between an RFC limitation to simple, routine, repetitive work and Reasoning Level 2 occupations." Street v. Berryhill, No. 1:17-CV-00204-FDW, 2018 WL 1935866, at *6 (W.D.N.C. Apr. 24, 2018); see also Hammond v. Berryhill, No. 3:17-CV-00096-FDW, 2018 WL 1472488, at *7 (W.D.N.C. Mar. 26, 2018) (holding no apparent conflict between a RFC that limits a plaintiff to "simple, work-related instructions and directions" and jobs that require General Education Development ("GED") Reasoning Level 2). Although the current landscape of the law makes clear there is an apparent conflict between Plaintiff's RFC and GED Reasoning Level 2 needed for the vocations listed by the VE, this conflict was less clear at the time of the Government's argument. Based on the string of past successes when presenting that position in this Court, the Government was substantially justified in its position at the time it made its argument in the case at bar.

Furthermore, where a case is remanded for the ALJ to inquire further into purported DOT and RFC conflicts, but the ALJ's decision may not ultimately be affected by the clarification, the Government's position is likely substantially justified. See Goode v. Colvin, No. 1:14-CV-00056-FDW, 2015 WL 1384166, at *2 (W.D.N.C. Mar. 25, 2015). Here, the Court made clear in its order that "the existence of a conflict here does not mean that on remand the ALJ must find the Plaintiff unable to perform these jobs . . . the ALJ and expert need address the conflict and explain." (Doc. No. 18, p. 9) (citing Pearson¸ 810 F.3d at 211). The Court expressed no opinion as to the merits of Plaintiff's claim for disability on remand, further indicating the Government was substantially justified in its position. (Doc. No. 18).

In sum, the Government based its position on a string of past successes and the Court left open whether the final decision will change after further development of the record on remand.

3

Accordingly, the Government was substantially justified in its position and Plaintiff's Petition for Attorney's Fees is DENIED.

IT IS SO ORDERED.

Signed: July 29, 2019

Frank D. Whitney
Chief United States District Judge